**STATE**

v.

**Kerry K. MARTY.**

No. 85–180–C.A.

Supreme Court of Rhode Island.

Dec. 12, 1985.

Arlene Violet, Atty. Gen., Constance Messore, Thomas Dickinson, Sp. Asst. Attys. Gen., for plaintiff.

Oleg Nikolyszyn, Jackvony Dimitri & Shapira, Providence, for defendant.

OPINION

PER CURIAM.

The state has appealed from a ruling by a Superior Court justice who was of the opinion that even though a witness for the prosecution had been given immunity from prosecution pursuant to the terms of G.L. 1956 (1981 Reenactment) § 12–17–15, the witness could still invoke his federal constitutional right against incrimination because of the "federal questions involved." In taking this position, the Superior Court justice has erred.

The issue presented to us was resolved in *Murphy v. Waterfront Commission of New York Harbor*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). There, witnesses were given immunity from prosecution under the New Jersey and New York laws but refused to testify on the ground that their answers might tend to incriminate them in federal crimes. The Supreme Court ruled that a grant of immunity by a state court prohibits federal authorities from using that testimony or any other evidence obtained therefrom in a subsequent prosecution against that witness. *Id.* at 79, 84 S.Ct. at 1609, 12 L.Ed.2d at 695.

The grant of immunity here afforded the witness all the applicable protections available in the federal courts. The witness's refusal in this case to testify for fear of federal prosecution is groundless.

The state's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for trial.